UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-00156-R

**JENEEN RILEY**                                                                                    PLAINTIFF

v.

**OHIO CASUALTY INSURANCE CO.**                                                   DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff's motion to remand (DN 7). Defendant has responded (DN 12) and Plaintiff has replied (DN 13). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's motion is GRANTED. This case will be remanded to the Christian County Circuit Court.

## BACKGROUND

This lawsuit has its genesis with a motor vehicle accident in August of 2007. Plaintiff Jeneen Riley was injured when the vehicle she was in collided with another operated by Douglas Pennycuff. Litigation ensued in the Christian County Circuit Court on July 23, 2009. Riley asserted state-law claims of negligence against Pennycuff and his employer Houchens Industries Inc. ("Houchens"), for whom he had been working at the time of the accident. Defendant Ohio Casualty Insurance Company ("OCIC") provided insurance coverage for Houchens and was tasked with adjusting Riley's claim prior to and throughout the litigation. Riley, Houchens, and Pennycuff are all citizens of Kentucky, thereby precluding the removal to federal court.

The parties amicably settled the matter in mediation on July 11, 2011. On or about August 17, 2011, Riley moved to amend her complaint in the Christian County Circuit Court to add OCIC as a defendant, proposing new violations of Kentucky's Unfair Claims Settlement

1

Practices Act ("UCSPA") and the state's common law of bad faith. DN 12-3. Concurrently, Riley agreed to dismiss the negligence claims against Houchens and Pennycuff pursuant to the settlement agreement.

On August 24, 2011, the Christian County Circuit Court simultaneously granted Riley's motion to amend her complaint and an agreed order of dismissal for Houchens and Pennycuff. OCIC removed the action on September 13, 2011, citing 28 U.S.C. §§ 1332(a)(1) and 1446(b). Riley now moves to remand because under 28 U.S.C. § 1446(b) (1994), an action pending in state court for more than a year may not be removed to federal court.

## STANDARD

A federal district court has original diversity jurisdiction when a suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Generally, any civil action brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). But because removal statutes implicate federalism concerns, they must be narrowly construed. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). "A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993).

Section 1446(b) establishes two temporal bars for removal from state courts where the initial pleadings do not allow for removal. A defendant has thirty days to file for removal after the receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (1994). The defendant's right to remove under § 1332 may also be revoked where more than a

year has elapsed since the "commencement of the action." *Id*.

## DISCUSSION

The parties are in accord on a number of issues. Both concede that when the suit was first filed it was not removable since Riley, Pennycuff, and Houchens were not diverse. They agree that OCIC was not a party to the suit until Riley amended her complaint on August 24, 2011, and only then did the parties satisfy diversity under § 1332. The parties admit the action, as it currently stands, is removable to the extent that Riley is a citizen of Kentucky or Illinois, OCIC is a citizen of Ohio and Massachusetts, and the amount in controversy exceeds $75,000.

The true point of controversy involves a textual interpretation of the "commencement of the action" under 28 U.S.C. § 1446 (1994), and whether this case was removed more than a year after it "commenced." Riley argues the suit began the day it was filed in the Christian County Circuit Court, July 23, 2009. By this logic, there was a two-year delay between the action's commencement and removal to this Court. OCIC responds that the amended complaint, adding it as a defendant, constitutes the commencement of a new action and thus the proper date by which to measure removability is August 24, 2011. Removal by OCIC would be timely was the Court to adopt this rationale.

The dispositive issue is whether the date of commencement under § 1446(b) resets when a later-added defendant is brought into a lawsuit pending in state court. This is not a novel issue. Courts around the country have addressed the possibility of multiple commencement dates and largely decided against this statutory construction. However, some cases in the Western District of Kentucky have permitted later-added defendants to remove year-old lawsuits by relying on § 1441(c)'s separable-controversy test. *See Ryan v. Discover Prop. & Cas. Insur. Co.*, No.

3:10-cv-00320-H, 2010 WL 3001517 (W.D. Ky. July 27, 2011); *Meador v. Indiana Insur. Co.*, No. 1:05-cv-00206, 2006 WL 250475 (W.D. Ky. 2006). Riley encourages the Court to reject these opinions and adopt the precedent of other jurisdictions, while OCIC extols the virtues of consistency with the district's earlier decisions. A review of these cases in light of the law from other jurisdictions causes the Court to reconsider *Ryan* and *Meador*.

To better assess this motion and the district's law on removal, the Court has examined the interplay between §§ 1446(b) and 1441(c), the district's analogous decisions on removal, and the possibility of an equitable exception to § 1446(b)'s one-year bar. Each follows in turn below.

### I. Sections 1446(b) and 1441(c)

Section 1446(b) sets forth a number of temporal limitations on removal that defendants must abide by if they wish to remove an action from state to federal court. The statute reads as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant through services or otherwise a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, which period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b) (1994) (emphasis added).[1] The Sixth Circuit has cautioned lower courts on

---

[1] Section 1446 recently underwent substantial revisions. *See* 28 U.S.C. § 1446(b) (2012); *see also* Federal Courts Jurisdiction & Venue Clarification Act, Pub. L. No. 112-63 (2011). The effective date for these revisions was January 6, 2012. Pub. L. No. 112-63 § 103. Sixth Circuit

the liberty they may take when construing the statute: "federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of § 1446(b) should be resolved in favor of remand to the state courts." *Brierly v. Alusuisse Flexible Packaging, Inc.*,184 F.3d 527, 534 (6th Cir. 1999).

"State law determines when an action is commenced for removal purposes."[2] *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir. 1993); *accord Lexington Market, Inc. v. Desman Associates*, 598 F. Supp. 2d 707, 710 (D. Md. 2009). Under Kentucky law "[a]n action shall be deemed to commence on the date of the *first* summons or process issued in good faith." KRS § 413.250 (emphasis added). The statute does not contemplate a new date of commencement when subsequent service of process is issued for later defendants. *See Norman v. Sundance Spas, Inc.*, 844 F. Supp. 355, 358 (W.D. Ky. 1994) (construing § 413.250 as creating a single date of commencement). Nor does the statutory language of § 1446(b) expressly allow a court to reset the commencement date when new parties or claims are added. *See* 28 U.S.C. § 1446(b) (1994).

---

precedent and the Federal Rules of Civil Procedure clarify that in reviewing these motions, the Court should rely on § 1446(b) as it appeared prior to these changes. *See Toth v. Grand Trunk R.R.*, 306 F.3d 335, 344 n. 2 (6th Cir. 2002) (where all portions of suit relating to motion were complete, Court applied pre-amendment rule); Fed. R. Civ. P. 86(a)(1) (rules affect "proceedings in an action commenced after their effective date"). Riley's motion to remand was fully briefed by November 14, 2011, and the Court will apply the old version of § 1446(b).

[2] Disagreement among courts exists on when an action commences. Besides deferring to state law in *Easley*, the Sixth Circuit has also relied on Rule 3 of the Federal Rules of Civil Procedure to determine when the one-year period begins in a diversity action. *See Brierly*, 184 F.3d at 534. Whether state or federal law, the result is the same - a civil action commences upon the filing of the complaint. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); KRS § 413.250 (action commences on date of first summons is issued).

This and other circuits are replete with cases deciding that "Congress intended to prohibit the removal of diversity cases after one year from the date of the filing of the initial pleading, even where additional defendants were not joined until more than one year later." *Williams v. Pegnato & Pegnato Roof Mgmt., Inc.*, 619 F. Supp. 2d 420, 426 (N.D. Ohio 2008); *accord In re Pikeville School Bus Collision Cases*, Nos. 11–158–ART, 2011 WL 6752564, at *3-5 (E.D. Ky. Dec. 23, 2011); *Taylor v. Bright*, No. 2:10-CV-1300, 2011 WL 1565899, at *3 (S.D. W.Va. Apr. 25, 2011); *Sledz v. Flintkote Co.*, 209 F. Supp. 2d 559, 561-63 (D. Md. 2002); *Sasser v. Ford Motor Co.*, 126 F. Supp. 2d 1333, 1335-36 (M.D. Ala. 2001); *Norman*, 844 F. Supp. at 355.  The plain language of § 1446(b) is a principal reason courts prevent removal by defendants added after the one-year bar, *First Merchs. Trust Co. v. Wal–Mart Stores East, LP*, 630 F. Supp. 2d 964, 965 (S.D. Ind. 2008) ("[T]he statutory text does not distinguish between those two groups of defendants."); *Howell v. St. Paul Fire & Marine Ins. Co.*, 955 F. Supp. 660, 662 (M.D. La. 1997) ("Defendants' arguments conflict with the clear language and Congressional intent of section 1446(b)."), but the goals of comity and federalism are also cited when courts rigidly interpret this removal statute. *Rezendes v. Dow Corning Corp.*, 717 F. Supp. 1435, 1437 (E.D. Cal. 1989) ("Strict construction is especially warranted in diversity cases, since concerns of comity mandate that state courts be allowed to decide state cases unless the removal action falls squarely within the bounds Congress has created." (abrogated on other grounds by *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998))).  In any event, these decisions proclaim that no clear statutory basis exists under § 1446(b) permitting the creation of multiple commencement dates.

On occasion, courts looking to craft multiple commencement dates for later-added

defendants have found sanctuary in § 1441(c).  The statute serves as an analogue to the federal rules governing supplemental jurisdiction, in that it allows entire cases to be tried in a single forum.  Erwin Chemerinsky, Federal Jurisdiction 358 (5th ed. 2007).  The statutory provision proceeds as follows:

> Whenever a *separate and independent* claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (1990) (emphasis added).[3]  "This section serves to prevent state court plaintiffs from attempting to frustrate removal by trying to separate claims against non-diverse defendants."  Erwin Chemerinsky, Federal Jurisdiction 358 (5th ed. 2007).

Keying on the "separate and independent" language, some courts construe §§ 1441(c) and 1446(b) together in diversity suits.  *See e.g.*, *Love v. Property & Cas. Ins. Co. of Hartford*, No. 8:10-CV-649-T, 2010 WL 2836172 (M.D. Fla. July 16, 2010); *Lahey v. State Farm Mut. Auto. Ins. Co.*, No. 8:06-CV-1949, 2007 WL 2029334 (M.D. Fla. July 11, 2007).  The opinions drive a wedge between the later-added and original defendants in a state action, along with the varying theories of recovery asserted against each party.  Under the guise of the separate-controversy test, the cases induce differing commencement dates for the original and later-added defendants because plaintiffs bring "separate and independent" claims against each group.  The analysis gives the courts a foundation to create separate commencement dates for the later-added defendants, thereby permitting removal in spite of § 1446(b)'s one-year bar.  *See Love*, 2010 WL

---

[3] Section 1441(c) was also amended by the Federal Courts Jurisdiction & Venue Clarification Act.  For the reasons described in the previous footnote, the Court relies on the statute's earlier language.  *See supra* footnote 1.

2836172, at *1-2 (court permitted removal after a year because bad faith claim against insurer was "separate and independent" claim under Florida law); *Lahey*, 2007 WL 2029334, at *1-2 (same).

Congress did not contemplate § 1441(c)'s application to cases analogous to the instant matter. The statute originally permitted the removal of "smaller, separable controversies within a larger lawsuit that involved diverse parties to be removed to federal court, while leaving the remaining matters that did not have complete diversity in state court." *Potts v. Harvey*, No. 11-CV-80495, 2011 WL 4637132, at *1 (S.D. Fla. Oct. 6, 2011) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure*, § 3722.3, p. 584 (4d ed. 2009)). Although § 1441 used to impact cases removed under diversity and for federal questions, in 1990 Congress curtailed its application "to situations in which the jurisdictionally sufficient claim providing the predicate for removal falls within the subject-matter jurisdiction conferred by Section 1331." 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure*, § 3722.3, p. 584 (4d ed. 2009). Effectively, "[t]he [1990] amendment eliminated the use of claims within diversity jurisdiction as the basis for removal under [§] 1441(c)." *Id.*; *accord RK Dixon Co. v. Dealer Marketing Services, Inc.*, 284 F. Supp. 2d 1204, 1212 n. 10 (S.D. Iowa 2003) ("The 1990 amendment to 28 U.S.C. § 1441(c) made it inapplicable to cases founded on § 1332 diversity jurisdiction.").

With the revision in 1990, Congress divested the judiciary of its power to analyze diversity actions under § 1441(c). Thus, it is altogether unclear then how a district court can consider the separable-controversy test when deciding issues of removability with diversity cases. Those courts that have used the separable-controversy language to analyze the multiple

8

commencement dates have failed to offer any federal statutory basis upon which to premise their analyses. *See e.g., Love*, 2010 WL 2836172, at *2-3 (applying separable-controversy doctrine, but making no mention of § 1441(c) or its limitation to lawsuits removed on the basis of 28 U.S.C. § 1331); *Ryan*, 2010 WL 3001517, at *3-5; *Lahey*, 2007 WL 2029334 at *2 (same); *Meador*, 2006 WL 250475, at *1-2 (same). By employing the separable-controversy doctrine in diversity cases, these courts have subverted the very intent of the 1990 amendment that sought to restrict the role of § 1441(c) to lawsuits containing a federal question.

These cases further ignore the principle that the rules governing removal should be construed in favor of remand. At best, whether it is permissible to use §§ 1446(b) and 1441(c) in tandem to create multiple commencement dates is ambiguous from the text of these provisions. The law is clear how to proceed when confronted with uncertain removal scenarios: "any ambiguity regarding the scope of the removal statutes and all doubts as to whether removal is proper should be resolved in favor of remand to the state courts." *West v. Visteon Corp.*, 367 F. Supp. 2d 1160, 1162 (N.D. Ohio 2005).

In sum, though §§ 1446(b) and 1441(c) both dictate different aspects of removal, the extent to which they overlap on the issue of commencement dates is highly suspect.

### **II. The district's past decisions**

The Western District of Kentucky has thrice considered whether multiple commencement dates exist under § 1446(b). Of those three cases, two are factually indistinguishable from the instant action - underlying negligence lawsuits against an insured-tortfeasor followed by claims of bad faith against the insurer. In those two matters, *Meador v. Indiana Insur. Co.*, and *Ryan v. Discover Prop. & Cas. Insur. Co.*, the district permitted removal of the later-added defendants,

9

finding that a claim of bad faith was a separate and independent controversy under § 1441(c). Below, the Court examines these rulings and details why it declines to follow their example.

In *Norman v. Sundance Spas, Inc.*, 844 F. Supp. 355 (W.D. Ky. 1994), a plaintiff sustained severe burns when a spa's temperature gauge malfunctioned. *Id*. at 356. He brought suit against the local retailer and diverse manufacturers of the spa equipment. *Id*. The state court eventually granted the retailer's motion to dismiss, creating complete diversity. *Id*. The remaining defendants then sought removal, thirteen months after the original complaint was filed. *Id*. The court granted the plaintiff's request and it rejected the defendants' contention that § 1446(b)'s phrase "commencement of the action" could be subdivided so as to create separate commencement dates for each defendant. *Id*. at 358-59. Relegated within a footnote, the court foresaw the potential for multiple commencement dates where a plaintiff joined two causes of action and separate defendants, but warned that "[t]orturing the plain language of the statute to conform with such a rare occurrence . . . is unwarranted." *Id*. at 359 n. 10.

In *Meador v. Indiana Insur. Co.*, the court considered another motion to remand. There, the plaintiffs brought a negligence action against non-diverse defendants. 2006 WL 250475, at *1. The plaintiffs subsequently filed an amended complaint to add claims of bad faith against the defendants' insurer. *Id*. After more than a year, the plaintiffs settled the negligence claims, leaving only those for bad faith against the diverse insurer. After removal, the court interpreted the plaintiffs' motion to remand through the lens of *Norman*, writing that "[t]hose whose liability arise out of the same cause of action are bound by the same commencement date" but "where the wrongful action alleged is entirely separate from that of other defendants, a later commencement date is consistent with the purposes of § 1446(b)." *Id*. at *2 (citing *Norman*, 844 F. Supp. at 539-

40). Since the plaintiffs' allegations of negligence and bad faith were separate controversies, the court found differing dates of commencement and retained jurisdiction.

Four years later, similar facts yielded a similar result. In *Ryan v. Discover Prop. & Cas. Insur. Co.*, the plaintiffs filed a negligence claim against a group of defendants and their insurance carrier. 2010 WL 3001517, at *1. The parties resolved the negligence action against the non-diverse litigants over a year later and dismissed the claims, but not before the plaintiffs filed an amended complaint asserting claims of bad faith against a diverse insurance carrier. *Id*. The state court entered the agreed order amending the complaint, and the insurer filed for removal next day. *Id*. at *1-2.

The *Ryan* court reviewed the law surrounding proper commencement dates. Synthesizing *Norman* and *Meador*, the court wrote that "where a plaintiff joins a separate and independent claim against a new defendant after the original filing date, the commencement date of that claim, for purposes of § 1446(b), is deemed the date of such joinder." *Ryan*, 2010 WL 3001517, at *3. The court ruled that bad faith claims were "separate and independent" from the underlying negligence claims because they were distinct legal theories arising from two legal wrongs: (1) the injuries plaintiffs sustained from the actor's negligence; and (2) the harm suffered as a result of the insurer's alleged bad faith. *Id*. at *5. The plaintiffs' motion to remand was denied and the court exercised jurisdiction over the newly alleged bad faith claims. *Id*.

Although *Norman* mimics the present on § 1446(b) in other jurisdictions, *Meador* and *Ryan* represent a new brand of statutory interpretation. Close evaluation raises several questions about these decisions. First, each relies on *Norman*'s tenth footnote for a proposition it fails to reach. In its entirety, the footnote reads as follows:

> The only situation in which construing 1446(b) as creating a separate commencement date for later-joined defendants would be consistent with the separable controversy doctrine is where a plaintiff has joined two causes of action involving separate defendants. Torturing the plain language of the statute to conform with such a rare occurrence, however, is not only unwarranted but also unnecessary given the availability of severance under Rule 21 in order to preserve subject matter jurisdiction.

*Norman*, 844 F. Supp. at 359 n. 10 (citation omitted). *Ryan* and *Meador* extracted the remarks on separable controversies within the footnote as evidence that courts may find distinct commencement dates for later-added defendants. *See Ryan*, 2010 WL 3001517, at *3 ("[*Norman*'s] analysis suggests that where a plaintiff joins a separate and independent claim against a new defendant after the original filing date, the commencement date of that claim, for purposes of § 1446(b), is deemed the date of such joinder."); *Meador*, 2006 WL 250475, at *2 ("The Court agrees with the *Norman* court that the same principle should apply to distinguish between later-joined defendants."). In wresting this dicta from *Norman*, the decisions either overlooked or ignored the second sentence in the footnote that expressly prohibits "torturing" the language of § 1446(b) to create separate dates of commencement. *Ryan* and *Meador* have therefore misconstrued *Norman* as endorsing multiple commencement dates.

Second, the progeny of cases in the Western District that infuse the § 1441(c)'s separable-controversy doctrine into § 1446(b) offer no legal foundation for doing so. The *Ryan* court relied on the "separable controversy doctrine to aid in the interpretation of § 1446(b)." 2010 WL 3001517, at *3 n. 2. It cited no legitimate precedent upon which to found the analysis.[4] The *Meador* court did even less. Although the decision prefaces the dual dates of

---

[4] *Ryan* did cite a decision from the Fifth Circuit Court of Appeals, *Moore v. United Services Auto. Ass'n*, 819 F.2d 101 (5th Cir. 1987). *Moore* construed whether an action for negligence against an insured and an underlying bad faith claim against the insurer were separate and independent claims. The *Ryan* court overlooks that the Fifth Circuit's decision construed §

12

commencement on the separable-controversy rule, it made no explicit mention of § 1441(c). On further review, the Court concludes the cases in this district that have permitted multiple commencement dates under § 1446(b) rest on a porous foundation, detached from the precedent surrounding removal.

Third, *Ryan* and *Meador* relied in part on *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). The Supreme Court case constitutes the leading judicial construction of the separable-controversy language in § 1441. Still, *Finn*'s impact on this matter is unclear since it fails to analyze, or even mention, the rules of removal described in §1446(b). Its value is further cheapened because it was handed down 39 years before § 1441(c) was amended to exclude lawsuits brought in diversity. The Court is confused how this sixty-year-old decision could impact removal of diverse litigants under these circumstances.

OCIC petitions the Court to abide by the decisions of *Meador* and *Ryan*. A break from these opinions would mark a divergence in the district's precedent and the desire to avoid such a result weighs heavily on the Court. Nevertheless, in ruling that a case may contain separate commencement dates for different defendants, the district has spurned the vast majority of the precedent available on § 1446(b). *See Pikeville School Bus Collision*, 2011 WL 6752564, at *5 (listing cases); *Taylor*, 2011 WL 1565899, at *3 (listing cases); *First Merchants*, 630 F. Supp. 2d at 973 (listing cases). The weaknesses in *Meador* and *Ryan* convince the Court that removal under these circumstances could only follow an incorrect reading of §1446(b). Accordingly, the Court declines to follow the district's previous precedent set forth in *Meador* and *Ryan*.

### III. Equitable exception to § 1446(b)'s one-year limitation

---

1441(c) before the 1990 amendment prohibiting its use in diversity cases. Thus, *Moore* was irrelevant to the question presented in *Ryan*, as well as the one before the Court today.

OCIC contends that even if *Meador* and *Ryan* are discarded, removal is justified because Riley has engaged in forum manipulation and should be equitably estopped from avoiding this Court's jurisdiction. Underlying this allegation, OCIC describes the series of events that preceded the notice of removal: (1) though Riley knew that OCIC was the insurer of Pennycuff and Houchens, he never sought to add the company as a party until well after the commencement of the suit; (2) Riley delayed executing an agreed order of dismissal in state court until she could amend the original complaint to add OCIC as a defendant and the claims of bad faith; and (3) Plaintiff's counsel has employed such tactics before, most notably in *Ryan* when he attempted to sidestep federal jurisdiction with a last-minute amendment to a state-court complaint adding a diverse insurer and a claim of bad faith. *See Ryan*, 2010 WL 3001517, at *1.

The Fifth Circuit is the only appeals court to have recognized an equitable exception to the one-year limit of § 1446(b). Such relief is warranted where the plaintiff "has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). In *Tedford*, the plaintiff filed a lawsuit in Texas state court against a diverse pharmaceutical manufacturer. *Id*. at 424-35. Three hours after she learned the manufacturer intended to remove to federal court, the plaintiff amended her complaint to include the non-diverse physician who prescribed her the medication. *Id*. The district court granted the motion to remand over the manufacturer's claims of fraudulent joinder. *Id*. After the expiration of the one-year limit in § 1446(b), the plaintiff dismissed the physician as a party without taking any discovery. *Id*. The manufacturer removed again and the district court retained jurisdiction, concluding the plaintiff's behavior was calculated to avoid federal jurisdiction. The Fifth Circuit

upheld the district court's ruling on appeal because the one-year limitation of § 1446(b) was procedural and was therefore subject to an equitable exception in the form of estoppel. *Id.* at 427.

OCIC says that this Court should follow *Tedford*'s example and adopt an equitable exception to § 1446(b).[5] Besides the series of events preceding Riley's amendment to her complaint, OCIC points out that the Sixth Circuit recently agreed with Fifth Circuit insofar as the one-year limitation is procedural and subject to waiver if a motion to remand is not filed by defendants within 30 days. *Music v. Arrowood Indem. Co.*, 632 F.3d 284, 287-88 (6th Cir. 2011). Riley asserts that the next logical extension of *Music* is the recognition of an equitable exception akin to the one birthed in *Tedford*.

The Court declines to accept OCIC's invitation. District courts within this circuit have consistently rejected proposals to adopt *Tedford* and an equitable exception to § 1446(b)'s one-year limitation. *See e.g.*, *Schafer Oil Co., Inc. v. Anna Petroleum, L.L.C.*, 767 F. Supp. 2d 856, 858 (S.D. Ohio 2010); *Fortner v. K-V-A-T Food Stores, Inc.*, No. 3:09-CV-00244, 2009 WL 4573761, at *2 (E.D. Tenn. Dec. 02, 2009); *Jones Mgmt. Servs., LLC v. KES, Inc.*, 296 F. Supp. 2d 892, 894 (E.D. Tenn. 2003). Courts outside the footprint of the Sixth Circuit have shown similar reticence to promulgate a new, equitable exception to removal jurisprudence. *See e.g., Selman v. Pfizer, Inc.*, No. 11–cv–1400–HU, 2011 WL 6655354, at *4-5 (D. Or. Dec. 16, 2011) (declining to adopt *Tedford*'s equitable exception); *Columbus, Ga. v. Expedia, Inc.*, No. 4:11-

---

[5] The most recent version of § 1446 includes language allowing for the denial remand in instances of bad faith by the plaintiff. *See* 28 U.S.C. § 1446(c) (2012) (prohibiting removal after one year "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action"). Because it must use the statute before the recent changes, the Court does not consider the new provision.

CV-00104-HL, 2011 WL 4102337, at *3 (M.D. Ga. Sept. 14, 2011) (same); *Caudill v. Ford Motor Co.*, 271 F. Supp. 2d 1324, 1326 (N.D. Okla. 2003) (same). The discord with *Tedford*'s holding dissuades the Court from traveling a similar path.

Even presuming the Court adopted an equitable exception, the instant facts do not support the doctrine's application. The behavior by the plaintiff in *Tedford* evidenced a clear obfuscatory intent to deprive the defendant manufacturer of the right to remove. *See Tedford*, 327 F.3d at 428-29 ("eleventh-hour" joinder of non-diverse defendant followed by an execution of Notice of Nonsuit with same defendant even before one-year anniversary). Many decisions citing favorably to *Tedford* have estopped the application of § 1446(b)'s one-year limitation where the plaintiffs either fraudulently joined a non-diverse defendant or withheld information on damages to defeat § 1332's monetary threshold. *See e.g.*, *Cousins v. Wyeth Pharm., Inc.*, No. 3:08-CV-310-N, 2008 WL 1883932, at *2 (N.D. Tex. Apr. 18, 2008) (exception utilized where plaintiff voluntarily dismissed non-diverse defendant "as soon as it appeared to her that she was safely in state court"); *Citizens Nat. Banc Corp. v. Directory Assistants, Inc.*, No. 07-0081, 2007 WL 4293304, *2 (S.D. Miss. Dec. 4, 2007) (tolling according to *Tedford* is appropriate where "a plaintiff refuses to admit that the amount in controversy does not exceed the minimum jurisdictional amount"); *Brooks v. American Bankers Ins. Co. of Fla.*, No. 4:10-CV-00008, 2003 WL 22037730, at *1 (N.D. Miss. Aug. 20, 2003) ("The state of the record at the present moment, however, is resplendent with evidence tending to demonstrate that Plaintiffs had no intention to pursue *bona fide* claims against the local defendant . . . .").

The blatant misconduct present in these decisions is absent from the case *sub judice*. Riley did not attempt to defeat diversity jurisdiction by fraudulently joining a non-diverse party

or concealing her amount of damages. Instead, she chose to sequence her claims first against Pennycuff and Houchens and then their insurer, OCIC. The Court cannot say with definite conviction that this tactic was employed specifically to defeat diversity jurisdiction. Ultimately, it is well settled that a plaintiff may decide when to proceed against a particular party. *Cf. Hill v. BellSouth Telecomm., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (plaintiff is the master of the complaint) (citations omitted). The Court will not discard § 1446(b)'s clear language and impute an equitable remedy atop the statute's requirements without a more compelling reason.

Finally, equitable estoppel is unjustified because the state's law condones the results in this case. Kentucky law is not vague on whether claims of bad faith against an insurer and the underlying negligence claims against an insured may proceed simultaneously. *See Wittmer v. Jones*, 864 S.W.2d 885, 891 (Ky. 1993) ("While we see no impediment to joinder of the [negligence claims and bad faith claims] in a single action, at trial the underlying negligence claim should first be adjudicated."). It is not OCIC's position that Riley lacked the right to bring claims of bad faith simultaneously with those for negligence against Pennycuff and Houchens. Rather, OCIC stresses that Riley's nefarious motives are accentuated by her decision to stagger the causes of action and defendants against which they are alleged.

Nothing prevented Riley from alleging these claims against OCIC at the outset of this action. If she had, OCIC would have been a party to this matter for its duration and no argument about multiple commencement dates would exist. Because Kentucky law permits litigants to combine claims against insurers accused a bad faith with those against the individual tortfeasors, the only grievance OCIC can muster against the instant action's procedure centers on how the Christian County court permitted Riley to amend her complaint and join it as a defendant under

17

Kentucky's civil rules. Courts using the exact same rules for joinder have permitted suits for bad faith against an insurer to be joined to the underlying tortious conduct in the same action, even if bifurcation of the claims was appropriate.[6] *See e.g.*, *Hardy Oil Co., Inc. v. Nationwide Agribusiness Ins. Co.*, No. 11-CV-00075, 2011 WL 6056599, at * 1 (E.D. Ky. Dec. 6, 2011); *Pollard v. Wood*, No. 5:05-CV-444-JMH, 2006 WL 782739, at *1-2 (E.D. Ky. Mar. 27, 2006); *Cole v. Aetna Life & Cas.*, 70 F. Supp. 2d 106, 116-17 (D. Conn. 1999). This precedent, combined with the broad discretion Kentucky trial courts have in granting joinder motions, *see Peyton v. Archer*, No. 2007-CA-000200, 2009 WL 3399338, at *6-7 (Ky. Ct. App. Oct. 23, 2009), *Kentucky Lottery Corp. v. Riles*, No. 2004-CA-001053, 2007 WL 1785451, at *2-3 (Ky. Ct. App. June 8, 2007), underscores that OCIC was not the victim of a procedural ambush. The Christian County court's uniform application of the state's procedural rules means the resulting joinder was not inequitable.

### IV. Decision on remand

In light of the conclusions reached above, Riley's motion to remand is well taken. OCIC was joined in an action originally commenced in state court on July 23, 2009. Removal occurred more than a year after that date. Remand under these circumstances is proper according to § 1446(b).

### CONCLUSION

In closing, the Court takes the time to reiterate several of its previous conclusions. First, the vast majority of case law from this and other circuits does not offer differing commencement dates under § 1446(b) for later-added defendants. Second, the cases within the Western District

---

[6] Kentucky's rule for permissive joinder and the federal rule for permissive joinder are, for all intensive purposes, identical. *Compare* CR 20.01 *with* Fed. R. Civ. P. 20.

of Kentucky that have relied upon § 1441(c)'s separable-controversy doctrine to permit removal under § 1446(b) have no statutory basis for doing so. As the Court rejects OCIC's claim of forum manipulation and the need to impose an equitable solution, Riley's motion to remand is GRANTED. This matter is hereby remanded to the Christian County Circuit Court. The clerk of court is directed to strike this matter from the active docket.

      An appropriate order shall issue.